STATE OF NEBRASKA, APPELLEE, v. ROBERT PERCY COLE, APPELLANT.

173 N. W. 2d 39

Filed December 12, 1969. No. 37294.

Owen A. Giles, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the denial of relief under the Nebraska Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1967.

On July 23, 1962, defendant, having entered his plea of guilty to the charge of rape, was sentenced to imprisonment for a term of 15 years. On March 15, 1968, defendant filed a motion to vacate and set aside his sentence on the ground that his constitutional rights were violated in that he was not afforded due process in the acceptance of his plea of guilty.

This is a second motion to vacate and set aside the sentence. On the order to show cause in the present case the evidence taken on the evidentiary hearing of the first motion to vacate and set aside the sentence under the Post Conviction Act was offered in evidence. This evidence showed that defendant was afflicted with congenital syphilis for which he had received medical treatment. At one time he had been confined in the state hospital at Hastings. He escaped from that institution and, on his being taken into custody in Omaha, the hospital authorities did not request his return because he was in condition to be released. There is no other evidence in the record of any mental incapacity. On the evidence of the former evidentiary hearing and records before the court, the trial court denied an evidentiary hearing and dismissed the motion to vacate and set aside his sentence.

The motion to vacate and set aside his conviction in the appeal before us contains no allegations that were not disposed of by the final judgment on the previous evidentiary hearing. The claim of mental disability is not asserted by the motion filed in the case resulting in the present appeal. This claim appears to be based on fragmentary evidence of his affliction with congenital syphilis as brought out in the previous evidentiary hearing. The trial court correctly determined that no

basis for another evidentiary hearing existed and dismissed the proceeding.

AFFIRMED.